UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL HANUS and EILEEN HANUS,

       Plaintiffs,

v.                                     Case No.: 2:20-cv-814-FtM-38NPM

AIG PROPERTY CASUALTY COMPANY,

       Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant AIG Property Casualty Company's Motion to Dismiss (Doc. 4) and Plaintiffs Michael and Eileen Hanus' (collectively, "Hanus") response in opposition (Doc. 1-3 at 62-64). While AIG filed a reply brief (Doc. 5), the Court does not consider it because AIG never sought leave as the Local Rules require. Local Rule 3.01(c) and it wouldn't change the result. The Court denies the Motion.

This is a Hurricane Irma insurance case.[2] Hanus alleges AIG breached the parties' insurance policy by not paying out on a covered loss. The Complaint also seeks declaratory relief. AIG removed with this Motion pending.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts pled in the Complaint (Doc. 3), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

AIG moves to dismiss because Count 2 (declaratory relief) is duplicative of Count 1 (breach of contract). Moreover, says AIG, Count 2 fails because it specifies nothing demanding a declaration. Each argument falls short.

To start, AIG contends the Court should dismiss Count 2 for duplicity because the bulk of case law supports dismissal. But AIG's looking at the wrong bulk. Many cases in the Southern District support AIG's position, so it cites several of them. But in the Middle District, courts regularly refuse to dismiss insurance declaratory judgment requests that duplicate breach of contract claims. *E.g.*, *Rock Custom Homes, Inc. v. Am. Zurich Ins.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *2-3 (M.D. Fla. Sept. 18, 2019).[3] The reason for such a rule is simple,

---

[3] *Maher v. Rockhill Ins.*, No. 2:18-cv-807-FtM-99UAM, 2019 WL 5084093, at *3 (M.D. Fla. Feb. 6, 2019); *Turco v. Ironshore Ins.*, No. 2:18-cv-634-FtM-99MRM, 2018 WL 6181348, at *2 (M.D.

2

a 12(b)(6) tests "the validity of a claim, not its redundancy." *Falcaro v. Integon Nat'l Ins.*, No. 2:20-cv-327-FtM-38MRM, 2020 WL 4734902, at *1 (M.D. Fla. Aug. 14, 2020) (citation omitted). What is more, the federal Declaratory Judgment Act—which governs Count 2—and Rule 57 permit dec actions even if another remedy exists. *Blitz v. Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015); *see also Rock Custom*, 2019 WL 4477819, at *1-2 (holding that the Florida Declaratory Judgment Act is procedural, not substantive). So redundancy seems an odd basis to dismiss a declaratory judgment request. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2758 (4th ed. 2020) ("Thus, the general principle is, as stated in the rule, that the existence of another adequate remedy does not bar a declaratory judgment."). And finally, like many cases recognized, there is no reason to dismiss Count 2 right now. *E.g.*, *Frank*, 2018 WL 5619325, at *3-4. Even if the claim is truly duplicative, it won't add any expense, delay, or confusion to this action (i.e., AIG will suffer no prejudice). In short, the Motion fails as it relates to duplicity.

Next, AIG looks to dismiss for failing to plead something in need of a declaration. Yet Hanus seeks a declaration of rights under the policy. And the Complaint specifically alleges a portion of the policy in need of interpretation—an exclusion AIG relied on to deny coverage. In other words, Hanus did not bring an ambiguous or hypothetical declaratory request. Rather, Hanus seeks a concrete

---

Fla. Nov. 27, 2018); *Frank v. Rockhill Ins.*, No. 2:18-cv-162-FtM-99CM, 2018 WL 561932, at *3-4 (M.D. Fla. Oct. 30, 2018).

declaration and points to a specific portion of the policy in need of interpretation to determine coverage. That is enough to survive a motion to dismiss. See *Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-cv-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 20, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record